# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSHUA TRAVIS SMITH, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-15-186 |
| MARYLAND PAROLE COMMISSION et al., | * | |
| Respondents | * | |

## **MEMORANDUM**

Joshua Travis Smith, who is self-represented, filed a habeas corpus petition under 28 U.S.C. § 2241, complaining about a Maryland "Retake Warrant" and his detention at the Maryland Reception, Diagnostic, and Classification Center. ECF 1. Respondents filed a response (ECF 6) to this Court's show cause order (ECF 3), asserting the petition for writ of habeas corpus must be dismissed for failure to exhaust State remedies. ECF 6.[1]

No hearing is required for the disposition of this case. *See* Local Rule 105.6. For the reasons set forth below, the petition shall be dismissed and a certificate of appealability shall not issue.

At the time the instant petition was filed, petitioner was an inmate held in the custody of the Maryland Department of Public Safety and Correctional Services. He claimed the Maryland Parole Commission failed to provide him with a timely hearing to determine if probable cause existed to support the allegation that he had violated the conditions of his supervision. Petitioner relied upon State regulations that govern the timing of a parole revocation hearing. *See* Code of Maryland Regulations 12.08.01.22.F.2(a) (requiring a parole revocation hearing within 60 days

---

[1] Respondents also assert that the petition is moot. They note that the retake warrant was recalled and petitioner was continued on parole/mandatory supervision release pending his transfer on the detainers lodged against him. ECF 6 at 3; *see also* ECF 6-2.

of detention based solely on retake warrant). As relief, he sought either to be provided a revocation hearing, have the retake warrant recalled, or be released from custody. ECF 1, p. 3.

The petition, filed pursuant 28 U.S.C. §2241, involves a question of Maryland law and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in a Maryland State court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982); *see also Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). In particular, his claim(s) must be fairly presented to the appropriate state court; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion also includes appellate review in the Maryland Court of Special Appeals and, if available, the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Petitioner filed a petition for habeas corpus relief in the Circuit Court for Garrett County, Maryland. *See Joshua Travis Smith, v. Maryland Parole Commission, et al.*, Case No. 11C15013909; ECF 6-1. Petitioner's motion to waive fees was denied by that court. The court also determined that venue was improper and the case was closed. *Id*. Thereafter, petitioner did

not avail himself of State court review. Consequently, the issue presented here has not been exhausted for purposes of federal habeas relief. Accordingly, the petition must be dismissed, without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The pleadings do not satisfy this standard. Therefore, a certificate of appealability shall not issue.

A separate Order follows.

November 10, 2015         \_\_\_\_\_/s/_____
Date                                      Ellen L. Hollander
                                          United States District Judge